UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLAYTON-M. BERNARD-EX, ) <br> ) <br>          Plaintiff, ) <br> vs. ) <br> ) <br> SPECIALIZED LOANING SERVICING, ) <br> LLC, *et al.*, ) <br> ) <br>          Defendants. ) | Case No.: 2:23-cv-00885-GMN-VCF <br><br> **ORDER** |

Pending before the Court is Plaintiff Clayton-M. Bernard-Ex's ("Plaintiff") Reply, (ECF No. 13), to the Magistrate Judge's Order, (ECF No. 11), denying Plaintiff's Motion/Application for Leave to Proceed *in forma pauperis*, (ECF No. 1), which the Court construes as an Objection.

Further pending before the Court is Plaintiff's Motion to Disqualify the Magistrate Judge, (ECF No. 13).[1]  For the reasons discussed below, the Court **DENIES** Plaintiff's Objection and Motion to Disqualify the Magistrate Judge.

I. **BACKGROUND**

On June 22, 2023, the Magistrate Judge issued an Order, (ECF No. 11), denying without prejudice Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1).  The Magistrate Judge denied Plaintiff's *in forma pauperis* application because he "affixed the disclaimer 'without prejudice' on the signature line[,]" raising concerns that he may be concealing assets. (Order 3:8–15).  The Magistrate Judge further observed that proponents of the Moorish and

---

[1] Plaintiff's Objection and Motion to Disqualify the Magistrate Judge were filed as a single omnibus document. (*Compare* Obj. *with* Mot. Disqualify, ECF No. 13).  For the reasons set forth below, Plaintiff's filing is unsupported by points and authorities supporting his disqualification or recusal request.

sovereign citizen movements often affix disclaimers "without recourse" or "without prejudice" to "their signatures because they believe it will protect them when they give untruthful answers in legal filings." (*Id.* 3:13–15).  The Order directed Plaintiff to either file this Court's *in forma pauperis* long form application "using his legal name, and without the use of any disclaimers" or pay the full filing fee for filing a civil action. (*Id.* 3:24–4:1).  Plaintiff then filed the instant Objection to the Magistrate Judge's Order, (ECF No. 13), and Motion to Disqualify, (ECF No. 13), which the Court discusses below.

## II.  LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).  A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 U.S. Dist. LEXIS 129489, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).  When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007).  The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## III.  DISCUSSION

Plaintiff's Objection contends the Magistrate Judge lacked the authority to order him to complete the *in forma pauperis* long form application without the use of disclaimers such as

"without prejudice" or "without recourse." (*See generally* Obj.). Plaintiff's Motion to Disqualify avers the Magistrate Judge's Order demonstrates he is biased against him. (*See generally* Mot. Disqualify). Each argument will be examined in turn.

### A. Objection

Courts must liberally construe documents filed by *pro se* litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even a liberal construction of Plaintiff's Objection, however, does not demonstrate the Magistrate Judge's Order was clearly erroneous or contrary to the law. Local Rule IB 1-3 provides that "[a] magistrate judge may hear and finally determine any pre-trial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A). LR IB 1-3. Reviewing *in forma pauperis* applications and related filings is a pre-trial matter that a magistrate judge may hear and determine. Thus, the Magistrate Judge had the authority to order Plaintiff to fill out the *in forma pauperis* long form application. (*See* Order Overruling Objections & Striking Affidavit 1:22–2:9, ECF No. 7 in Case No. 2:22-cv-01661-CDS-VCF, *Bey v. Nevada Power Company et al.*)

Moreover, the Magistrate Judge had the authority to order Plaintiff not to include any disclaimer in his application. Past decisions by district courts have found a plaintiff's use of disclaimers such as "without prejudice" or "without recourse" evince an attempt to avoid the potential consequences of untruthful answers in court filings. *Bey v. Steffen*, No. 2:23-cv-00573, 2023 WL 4474869, at *2 (D. Nev. June 7, 2023); *Harper v. Cal. Dep't Corr. Rehab.*, No. 1:22-cv-00253, 2022 WL 1094806, at *1–2 (E.D. Cal. Mar. 22, 2022); *Bey v. Mower Cnty. Health & Human Servs. Off. Child Support*, No. 15–cv–2728, 2015 WL 4488483, at *1 (D. Minn. July 23, 2015). The Magistrate Judge was squarely within his authority to order Plaintiff to complete the *in forma pauperis* long form application without using disclaimers.

///

**B. Motion to Disqualify**

Finally, Plaintiff's filing is unsupported by points and authorities supporting his disqualification or recusal request. As stated, the Magistrate Judge observed that proponents of the Moorish and sovereign citizen movements often affix disclaimers "without recourse" or "without prejudice" to "their signatures because they believe it will protect them when they give answers in legal filings." (Order 3:13–15). Plaintiff's Motion is unclear, but it appears Plaintiff alleges this observation is racially discriminatory and demonstrates the Magistrate Judge's bias against Moorish individuals. (Obj. at 1–2). However, Plaintiff misconstrues the nature and purpose of this statement.

The Magistrate Judge's Order explained that, as a general matter, advocates of the Moorish or sovereign citizenship political movement improperly use disclaimers to avoid the consequences of untruthful answers in court filings. (Order 3:13–15). The Order merely constitutes an advisement to Plaintiff that, to the extent he filled out the *in forma pauperis* application to assert any sovereign citizen ideology, such arguments have been uniformly rejected by courts as completely meritless. *Mackey v. Bureau of Prisons*, No. 1:15-cv-1934, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (noting that "[c]ourts across the country" have rejected sovereign citizen arguments "as frivolous, irrational, or unintelligible"). Indeed, the Ninth Circuit has specifically repudiated such arguments as "utterly meritless." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986). Thus, the Magistrate Judge's observation merely meant to warn Plaintiff that the Court will not entertain arguments based on any variation of sovereign citizen ideology. To the extent Plaintiff disagrees with this observation, the Court advises Plaintiff that judicial rulings may constitute grounds for appeal but are not a valid basis for a motion for recusal. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Plaintiff's disagreement with the Court's rulings, no matter how strongly felt, does not create bias requiring recusal or disqualification.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 13), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Disqualify, (ECF No. 13), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion/Application for Leave to Proceed *in forma pauperis* application, (ECF No. 12), is **DISMISSED as moot**. Plaintiff may re-file his Motion/Application for Leave to Proceed *in forma pauperis* but must remedy the deficiencies identified in this Order and the Magistrate Judge's Order, (ECF No. 11).

**DATED** this __24__ day of July, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT