# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex,<br><br>　　　　　Plaintiff,<br>vs.<br><br>Specialized Loan Servicing LLC, et al.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00885-GMN-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 15) AND COMPLAINT (ECF NO. 1-1) |

　　　　Pro se plaintiff Mr. Clayton-M. Bernard-Ex filed a new application to proceed in forma pauperis and a proposed complaint ECF Nos. 15 and 1-1. I grant his IFP application. ECF No. 15. I dismiss the plaintiff's complaint without prejudice. ECF No. 1-1.

**I.**　　**Plaintiff's IFP Application**

　　　　Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."  I previously ordered the plaintiff to file a new IFP application without the disclaimer "without prejudice" by his signature. ECF No. 11. Plaintiff has now complied with my order. ECF No. 15. Plaintiff states in his renewed IFP application that he has no money, no

bills, and no assets. Plaintiff does not divulge how he lives with no money or how he has no bills, but I will give plaintiff the benefit of the doubt given that he has now updated his application.[1] I grant plaintiff's IFP application.

## II. Plaintiff's Complaint

### a. Legal Standard

Since I grant plaintiff's IFP application, I must review his complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must Luckett "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

---

[1] Plaintiff seeks one million dollars in damages related to copyright and trademarks that he allegedly owns, yet he claims he has no assets. Given that he believes his copyrights and trademarks are worth one million dollars, his intellectual property portfolio appears to be an asset. I may require the plaintiff to update his IFP application if this case proceeds given that it appears to be incomplete. Since his complaint is so sparse, however, I will allow him to proceed on this IFP application at this stage.

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Plaintiff*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

    **b. Analysis**

Plaintiff's complaint is essentially void of any factual allegations. See ECF No. 1-1. He alleges that three corporate defendants and one individual violated (1) 42 U.S.C Code § 1981 and Section 242 of Title 18; (2) Racial Discrimination Under Section 1981(a); (3) Civil Rights under Color of Law

3

Section 242 of Title 18; (4) Trademark Infringement; (5) Puntive Damages; (6) Real Estate Property; (7) Fixtures; (8) "Personal Property"; (9) Racketeering; (10) Money Laundering; (11) Racketeer Influenced and Corrupt Organizations (RICO) Act; and for (12) Punitive Damages. *Id.* The only factual allegations plaintiff makes in the entire complaint is the following:

> Plaintiff's seeking an order that the sum of One Million Dollars ($1 Million dollars) only as special damages and general damages against defendants jointly and severally to be paid to the Plaintiff Mr.Clayton-M.,Bernard-Ex.,Copyright holder in due course;

See ECF No. 1-1. He does attach fifty-two pages of exhibits. ECF No. 1-2. The exhibits are a collection of documents including credit reports for non-parties, affidavits from non-parties about quit claim deeds for a house, a "trademark notice" regarding "Clayton M:Bernard", a copyright notice regarding "Clayton Mahola Bernard", a certification that everything in his complaint is true (signed with the disclaimer "without prejudice", some trademark registrations, his court order for his name change, a contract regarding a house, a title regarding a house, another copyright notice, a state court docket report about real property (*Bernard-Ex v. Catamount Properties 2018*, LLC, Case No. 1-19-801446-C, Order of Dismissal with Prejudice, referred to hereinafter as his "State Court Case"), and homeowners insurance information.

To the extent that plaintiff is attempting to appeal the decision of the State Court Case to this Court, this Court lacks jurisdiction to review State Court decisions. Plaintiff does not specify; however, what facts give rise to his claims against these four defendants. Even liberally construing plaintiff's complaint, it does not state sufficient factual allegations about the underlying dispute and the defendants' role in the matter to state a claim. For example, plaintiff states that the defendants violated his copyright, but he does not describe how each of them violated his copyright, or which copyright. Plaintiff does not provide any details or facts for any of the other claims.

If plaintiff chooses to file an amended complaint, it must contain a short and plain statement describing the underlying case and the defendants' involvement in the case. See Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, plaintiff still must give each defendant fair notice of each of his claims against them and of plaintiff's entitlement to relief. Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. The amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make plaintiff's amended complaint complete. I dismiss the plaintiff's complaint without prejudice, with leave to refile. If plaintiff chooses to amend his complaint, he must comply with Rule 8.

ACCORDINGLY,

I ORDER that plaintiff's application to proceed in forma pauperis (ECF Nos. 1) is GRANTED.

I FURTHER ORDER that plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Friday, September 1, 2023, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 2nd day of August 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE