UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex,<br><br>        Plaintiff,<br><br>vs.<br><br>Specialized Loan Servicing LLC, *et al.*,<br><br>        Defendants. | Case No. 2:23-cv-00885-GMN-MDC<br><br>**Report and Recommendation for Dismissal Re the Amended Complaint (ECF No. 21)**<br><br>**And**<br><br>**Order Striking Issued Summons (ECF No. 35) and Plaintiff's Notices of Additional Defendants (ECF Nos. 23 and 33)** |

Pro se plaintiff Mr. Clayton-M. Bernard-Ex filed an amended complaint. ECF No. 21. The Court recommends that plaintiff's amended complaint be dismissed. The Court also strikes plaintiff's summons (ECF No. 35) and his notice of additional defendants (ECF No. 23).

**I.     Background**

This Court previously denied plaintiff's in forma pauperis application because he included a disclaimer in his signature line, which the Court noted signified that plaintiff (1) may be affiliated with the Moorish or sovereign citizen movement (especially with the "-Ex" signifier affixed to his name) and (2) believed that the disclaimer would protect him from untruthful answers. See ECF No. 11 at 3. After the Court resolved the plaintiff's objection, he filed a new application without the use of any disclaimers. ECF No. 15. After screening, the Court dismissed plaintiff's original complaint without prejudice with leave to refile. ECF No. 20. The Court now (1) screens plaintiff's amended complaint and recommends that plaintiff's complaint be dismissed (ECF No. 21) and (2) strikes plaintiff's summons and notices (ECF Nos. 23, 33, and 35).

## II. Discussion

### a. Plaintiff's amended complaint and the Court's prior orders

The Court first notes that the plaintiff has, despite the Court's warning, again signed his amended complaint with the disclaimer "all rights reserved." See plaintiff's amended complaint at ECF No. 21 at 6 and the Court's prior order at ECF No 11 at 3, citing to *Bey v. Nev. Power Co.*, No. 2:22-cv-01661-CDS-VCF, 2022 U.S. Dist. LEXIS 185371, at 3-4 (D. Nev. Oct. 11, 2022). The Court finds that plaintiff's repeated attempts to use disclaimers in the signature line suggests that he is being untruthful in his amended complaint. The plaintiff has also not updated the Court regarding his legal name pursuant to Rule 10, as he continues to insist that his first name is "Mr." and his last name still uses the sovereign signifier "-Ex." See ECF No. 11 at 1, citing to the Federal Rules of Civil Procedure Rule 10(a) commands that the title of every complaint must name all the parties; and *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est,* 596 F.3d 1036, 1042 (9th Cir. 2010). ("The normal presumption in litigation is that parties must use their real names.")

The plaintiff also uses the disclaimer, "State Citizen" in the header after his name in his amended complaint, again signifying his connection to the sovereign citizen movement. See *Cambern v. United States (In re Cambern)*, 1995 U.S. App. LEXIS 28319, *1 (Explaining some of the frivolous contentions of the "American Sovereign <u>State Citizen</u>") (emphasis added). The Court finds that the plaintiff has not complied with the Court's prior order. Regarding plaintiff's claims in his amended complaint, he again alleges that three corporate defendants and one individual violated multiple federal and state laws. The claims in the amended complaint are similar to the original complaint, so for brevity the Court will summarize some of, but not repeat, the entire prior screening order.

The Court also notes that plaintiff has filed multiple documents in support of his amended complaint. See ECF Nos. 23, 25, 26, 27, 28, 30, 31, 32, 33, and 34. The Court previously warned plaintiff

2

that the amended complaint (1) must be complete in and of itself without reference to other documents and (2) cannot refer to other documents to make plaintiff's amended complaint complete. ECF No. 20 at 5. The Court also previously cautioned plaintiff that his filing behavior was boarding on vexatious. ECF No. 11 at 4. The Court strikes plaintiff's notices of additional defendants. ECF No. 23 and 33. The Court also strikes the issued summons since his amended complaint has not been approved. ECF No. 35. While the Court will not strike the rest of these rogue filings at this stage, the Court again warns plaintiff that it will not review these filings as part of this screening order since the filings are not part of the amended complaint.

### b. Plaintiff's claims in his amended complaint

The plaintiff first alleges that all defendants violated the National Stolen Property Act, 18 USCS § 2315 when they "stole" his "real property", which included fixtures such as solar panels. ECF No. 21 at 7. The National Stolen Property Act, however, is a criminal statute. To the extent plaintiff attempts to sue defendants for violating state or federal criminal law, he does not establish any private right of action and cannot support a civil lawsuit. See *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). The Court dismisses this claim.

The plaintiff also brings claims against all the defendants for racial discrimination pursuant to 18 USC § 1981. ECF No. 21 at 8. Since chapter 18 pertains to criminal statutes, the Court liberally construes this claim for racial discrimination falling as under the Civil Rights Act, per 42 USCS § 1981, not chapter 18. To establish a prima facie case of racial discrimination under 42 USCS § 1981, a plaintiff must establish: (1) he "is a member of a protected class;" (2) he "attempted to contract for certain services;" and (3) he "was denied the right to contract for those services" because of his race. *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144 (9th Cir. 2006) (citations omitted). Regarding the first element, the plaintiff does not allege that he is a member of a protected class himself; he only makes vague allegations that the defendants

3

have engaged in racial discrimination. ECF No. 21 at 8. Regarding the second and third elements, the plaintiff makes vague allegations that all the defendants engaged in racial discrimination against him related to the making and enforcement of contracts for the real property at issue. Plaintiff's amended complaint has not stated a prima facie case of racial discrimination. Plaintiff's amended complaint does not comply with Rule 8 because his allegations are still vague. He does not provide enough details to give each defendant fair notice of each of his claims against them and of plaintiff's entitlement to relief. The Court recommends that this claim be dismissed.

Plaintiff also brings vague claims of trademark infringement against defendants Casey J. Nelson and Catamount Properties 2018, LLC. ECF No. 21 at 10. Plaintiff alleges that he is the owner of the trademark Frasberg, registered with the serial number 85516767 with the United States Patent and Trademark Office. *Id.* The Court takes judicial notice that the trademark Frasberg, registered with serial number 85516767, is not only now an abandoned (dead) mark, but it was owned by Frasberg, Inc., a California company. Plaintiff does not have standing to bring a claim on behalf of a company. Plaintiff also does not have standing to bring claims on behalf of others as there are no allegations in plaintiff's complaint to connect him to this company. Even if plaintiff added the company as a co-plaintiff, he would not be allowed to bring claims on behalf of a company without an attorney because a "corporation cannot proceed pro se[.]" *Associated Bus. Tel. Sys. Corp. v. Cohn*, 1996 U.S. App. LEXIS 20215, *1. As plaintiff is not a licensed attorney, he cannot bring claims on behalf of others. Regardless, given the mark's abandoned status, it also appears that plaintiff's claim is without merit. The Court recommends that this claim be dismissed.

Accordingly,

1. The Court RECOMMENDS that that this action be DISMISSED and Judgment entered, accordingly.

2. The Court ORDERS that the *issued summons* (ECF No. 35) and plaintiff's *notices of additional defendants* (ECF Nos. 23 and 33) be STRIKEN.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

It is so recommended and ordered.

DATED this 16th day of February 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge