UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MR. CLAYTON-M. BERNARD-EX., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> SPECIALIZED LOAN SERVICING, LLC, *et* ) <br> *al.*, ) <br> ) <br> Defendants. ) | Case No.: 2:23-cv-00885-GMN-VCF <br><br> **ORDER OVERRULING PLAINTIFF'S OBJECTION AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Maximiliano Couvillier, III, (ECF No. 36), recommending the Court dismiss Plaintiff Mr. Clayton-M. Bernard-Ex.'s Amended Complaint, (ECF No. 21), with prejudice. Plaintiff filed an Objection, (ECF No. 37), to the R&R.

Also pending before the Court is Plaintiff's Motion for Default Judgment, (ECF No. 38).

For the reasons discussed below, the Court **ADOPTS** the R&R, **OVERRULES** Plaintiff's Objection, **DISMISSES WITH PREJUDICE** Plaintiff's Amended Complaint, and **DENIES as moot**[1] his Motion for Default Judgment.

---

[1] The Court notes that Plaintiff's Motion for Default Judgment is without merit for several reasons. First, Plaintiff seeks default judgment against Magistrate Judge Couvillier and the undersigned who are not named parties to this action. *See* Fed. R. Civ. P. 55(a) ("When *a party* against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Second, Plaintiff did not obtain a clerk's entry of default before bringing his Motion. *See, e.g., Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."). Third, "Judges are immune from damages action for judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). To the extent Plaintiff is frustrated by the Court's rulings in this case, his challenge is misplaced. *See Pangelinan v. Wiseman*, 370 F. App'x 818, 819 (9th Cir. 2010) ("The district court properly concluded that the judges were immune to the extent they were sued for claims arising from their decisions in [plaintiff's] lawsuits.").

## I. BACKGROUND

The Court incorporates the background and procedural history of this case from the Magistrate Judge's R&R. (R&R 1:15–2:8, ECF No. 36). In short, this lawsuit arises from Plaintiff's contention that Defendants Specialized Loan Servicing, LLC, Sables, LLC, Catamount Properties 2018, LLC, and Casey J. Nelson conspired against him to deny him the opportunity to enter into a contract to obtain real estate in Nevada and seized property owned by Plaintiff in violation of the National Stolen Property Act under 18 U.S.C. § 2315 and the Civil Rights Act of 1866 under 42 U.S.C. § 1981. (Am. Compl. at 2–10, ECF No. 21). Plaintiff further avers that Defendants Casey J. Nelson and Catamount Properties 2018, LLC have infringed on his trademark Frasberg, registered with the serial number 85516767 with the United States Patent and Trademark Office, in violation of 15 U.S.C. § 1114. (*Id.*). The Magistrate Judge issued a R&R finding that Plaintiff failed to state claims for all three causes of action and recommended Plaintiff's Amended Complaint be dismissed with prejudice. (*See generally* R&R). Plaintiff then filed his Objection, (ECF No. 37), which the Court discusses below.

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

///
///
///

### III. DISCUSSION

Plaintiff's Objection generally contends that the Magistrate Judge erred in finding his causes of action either failed as a matter of law or were not supported by adequate factual allegations. (Obj. at 1–5). The Court examines the Magistrate Judge's recommendation as to each of Plaintiff's claim in turn, beginning with his claim under the National Stolen Property Act.

**A. National Stolen Property Act, 18 U.S.C. § 2315**

Plaintiff first alleges that all Defendants violated the National Stolen Property Act when they "stole" his "real property", which included fixtures such as solar panels. (Am. Compl. at 7). The Magistrate Judge observed that the National Stole Property Act is a criminal statute, and that "[t]o the extent [he] seeks to sue defendants for violating state or federal law, he does not establish any private right of action and cannot support a civil lawsuit." (R&R 3:13–15) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability)). The Court agrees.

Plaintiff, as a private citizen, is not permitted to sue under a criminal statute. *See, e.g., Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767 n.12-13 (2005) (private citizen "lacks a judicially cognizable interest" under federal statute criminalizing conduct); *Allen v. Gold Country Casino*, 464 F.3d 1044 (9th Cir. 2006) (federal criminal provision does not give rise to civil liability or cause of action; dismissal of complaint required). And "[w]here a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Flood v. Reed*, No. 2:16-cv-778, 2017 WL 1021364, at *3–4 (S.D. Ohio Mar. 16, 2017). Accordingly, the Court agrees with the Magistrate Judge's recommendation that this claim be dismissed with prejudice.

///

///

**B. Civil Rights Act of 1866, 42 U.S.C. 1981**

Plaintiff next avers that Defendants denied him the opportunity to enter a contract to obtain real estate in Nevada in violation of 42 U.S.C. § 1981. (Am. Compl. at 8–10). The Magistrate Judge explained that Plaintiff's claim was insufficiently pled because it was underpinned by "vague allegations that all the defendants engaged in racial discrimination against him" without additional factual support to make an inference of culpability plausible. (R&R 3:17–4:7).

Section 1981 provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . ." 42 U.S.C. § 1981(a). The term "'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

To state a claim under § 1981, a plaintiff must identify an impaired "contractual relation" by showing that intentional racial discrimination prevented the creation of a contractual relationship or impaired an existing contractual relationship. *Id.* To make that showing, Plaintiff must allege (1) he is a member of a protected class, (2) he attempted to contract for certain services, and (3) he was denied a right enumerated in § 1981, *i.e.* the right to make or enforce a contract. *See, e.g., Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006).

First, Plaintiff's Amended Complaint does not contain factual allegations as to what services he attempted to contract for and what actions Defendants took that impaired his right to contract. Second, Plaintiff summarily alleges that Defendants actions were racially motivated, but provides no factual allegations to support an inference of racial discrimination. "Allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences" are not entitled to the assumption of truth. *In re Cutera Sec. Litig*, 610 F.3d 1103, 1108 (9th Cir. 2010).

In short, Plaintiff's Amended Complaint does not adequately identify Defendants' actions, or provide allegations showing that Defendants' actions were motivated by race. Plaintiff has already been given one opportunity to amend his complaint. (*See generally* Order, ECF No. 15) (dismissing Plaintiff's complaint but giving leave to amend). "Given the lack of additional facts provided by [P]laintiff and the failure to cure any deficiencies or conform the complaint to comply with Rule 8, it does not appear that further amendment would result in a cognizable claim." *Love v. Hill*, No. 2:22-cv-1233, 2023 WL 36087, at *4 (E.D. Cal. Jan. 4, 2023). Accordingly, the Court agrees with the Magistrate Judge's recommendation that this claim should be dismissed with prejudice. *See Cato v. United States*, 730 F.3d 1103, 1105–06 (9th Cir. 1995).

### C. Trademark Infringement, 15 U.S.C. § 1114

Plaintiff's final claim alleges that Defendants Nelson and Catamount Properties 2018, LLC infringed on his trademark Frasberg, registered with the serial number 85516767 with the United States Patent and Trademark Office, in violation of 15 U.S.C. § 1114. (Am. Compl. at 10). The Magistrate Judge found Plaintiff failed to allege a trademark infringement claim because the trademark relied on by Plaintiff is not only abandoned but is also not owned by Plaintiff. (R&R 4:8–21).

To prove a claim of trademark infringement, a plaintiff must show: (1) that it has a valid, protectable trademark, and (2) that defendant's use of the mark is likely to cause confusion. *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007*)*; *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir.2006) ("A claim of trademark infringement under § 1114(1)(a) of the Lanham Act requires a trademark holder to demonstrate: (1) ownership of a valid mark (i.e., a protectable interest), and (2) that the alleged

infringer's use of the mark is likely to cause confusion, or to cause mistake, or to deceive consumers") (internal quotes omitted) (quoting *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005)).

The Court again agrees with the Magistrate Judge. The "trademark Frasberg . . . is not only now an abandoned (dead) mark, but it was owned by Frasberg, Inc., a California company." (R&R 4:11–13) (taking judicial notice of the trademark's records). Given the trademark's abandoned status and Plaintiff's lack of ownership interest in the trademark, Plaintiff's trademark infringement claim is without merit and could not be fixed by further amendment. *Cato*, 730 F.3d at 1105–06.

In sum, the Court has performed a *de novo* review of the entire record in this matter and agrees with each of the Magistrate Judge's recommendations. Accordingly, the Court **ADOPTS** the R&R in full and **OVERRULES** Plaintiff's Objection.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation, (ECF No. 36), is **ADOPTED**. **IT IS FURTHER ORDERED** that Plaintiff's Objection, (ECF No. 37), is **OVERRULED**. The Clerk of Court is kindly instructed to close the case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 38), is **DENIED as moot**.

**DATED** this   4   day of April, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT